**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
E-mail: david_peterson@fd.org

Attorneys for Mr. Haynes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08cr0366-DMS |
| Plaintiff, | Date: May 23, 2008 |
| | Time: 2:00 p.m. |
| v. | |
| JAMES HAYNES, III, | **SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF THE GRAND JURY TRANSCRIPTS** |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**[1]

On February 5, 2008, Mr. Haynes was arrested in a maroon Pathfinder by Border Patrol Agents on State Route 94, in Campo, California. The events leading to the arrest were as follows.

At approximately 8:00 a.m., Border Patrol Agent Jose J. Vasquez, wearing plain clothes, observed a black male walk towards a Nissan Pathfinder. He observed the black male, later identified by him as Mr. Haynes, "walk toward" two individuals near the Pathfinder, which was parked in a parking lot several hundred yards from the United States-Mexico border. Mr. Haynes got into the vehicle and left the parking lot. Mr. Haynes headed north on Highway 188 toward State Route 94.

---

[1] The following statement of facts is based on the probable cause statement and limited discovery provided by the government. Mr. Haynes in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, he reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

1  Agent Vasquez then approached the two individuals walking south towards Mexico. As he
2  attempted to approach them, both started to run towards Mexico. Agent Vasquez apprehended one of them;
3  the other absconded into Mexico. After identifying himself as a Border Patrol agent, Agent Vasquez
4  questioned the individual, who was later identified as Francisco Nava-Montenegro. Nava-Montenegro
5  admitted that he was in the United States illegally.

6  Mr. Haynes was eventually stopped and arrested. The stop and arrest are the subject of another
7  motion and not discussed in detail here. They found five individuals therein, none of whom had permission
8  to be in the United States legally.

9  On February 13, 2008, Mr. Haynes was indicted by a federal grand jury, which charged him with
10 three violations of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), transportation of illegal aliens, and aiding and
11 abetting, and three violations of 8 U.S.C. § 1324(a)(2)(B)(ii), and 18 U.S.C. § 2, aiding and abetting.

12 Relevant to this briefing is the fact that two of the counts relate to Mr. Nava-Montenegro. He was
13 the individual detained outside of the car. Government discovery indicates that he was never *in* the car.
14 In his interview with Border Patrol Agents, he was unable to identify the driver of the car. Yet Mr. Haynes
15 was indicted for transportation of Mr. Nava-Montenegro, aiding and abetting transportation, and bringing
16 Mr. Nava-Montenegro in for financial gain and aiding and abetting.

17                                                **II.**

18 **THIS COURT SHOULD COMPEL PRODUCTION OF THE GRAND JURY TRANSCRIPTS BECAUSE FAILURE TO DO SO WOULD RESULT IN A MISCARRIAGE OF JUSTICE.**
19

20 Mr. Haynes has moved to compel production of the grand jury transcripts because he was indicted
21 on a count that government evidence directly negates. Specifically, Mr. Haynes was indicting with
22 transportation of Jesus Nava-Montenegro, an individual who was *never* in the vehicle allegedly driven by
23 Mr. Haynes on February 5, 2008. In response, the government has stated that the indictment stands because
24 it also alleges aiding and abetting as to all counts. This response further indicates that the grand jury
25 transcripts must be compelled, because it appears that the grand jury was misinstructed on the essential
26 elements of aiding and abetting.

27 In addition, as stated in his motion to compel production of the grand jury transcripts, Judge
28 Moskowitz recently ruled on a motion similar to that filed by Mr. Haynes  See United States v. Martinez-

1  Covarrubias, Case No. 07cr0491-BTM, Order Denying Defendant's Motion to Dismiss the Indictment,
2  dated October 11, 2007 (attached hereto as Exhibit A). Judge Moskowitz recognized that the instruction
3  of the January 2007 grand jury was error. See Exh. A at 11. Because under the analysis proposed by Judge
4  Moskowitz's order, this Court must determine whether the error was harmless, Mr. Haynes filed the above
5  motion to produce the transcripts of the grand jury proceedings that resulted in the instant indictment.

6  **A.    RELEVANT FACTS**

7  As argued in the original motion to compel grand jury transcripts, government evidence
8  affirmatively negates the government's claim that Mr. Haynes transported Mr. Nava-Montenegro, because
9  the government's own reports show conclusively that Mr. Nava-Montenegro was never transported. See
10 Motion to Compel Grand Jury Transcripts, at 22-24. This leads to a strong probability that the indictment
11 was returned based upon misinstruction as to the elements of transportation, refusal to present evidence
12 negating the elements, or prosecutorial misconduct. Further discovery is warranted.

13 **B.    SEVERAL COURTS IN THIS DISTRICT HAVE HELD THAT PRODUCTION IS
14         WARRANTED WHERE A GROUND TO DISMISS THE INDICTMENT EXISTS.**

15         **1.    Mr. Haynes Has Shown a Particularized Need.**

16 The Court may order disclosure of grand jury proceedings "at the request of a defendant who shows
17 that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."
18 Fed. R. Crim. P. 6(e)(3)(E)(ii). The Ninth Circuit requires a "particularized need" to justify disclosure, see
19 United States v. Walczak, 785 F.2d 852, 857 (9th Cir. 1986), but that need cannot be any different than the
20 standard set forth in Rule 6(e)(3)(E)(ii): Mr. Haynes needs to show that "a ground *may* exist to dismiss the
21 indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii)
22 (emphasis added). That is why the Rule's "general suggestion [is] in favor of disclosure." See Walczak,
23 785 F.2d at 857. Judge Moskowitz's approach to Judge Burns' erroneous instruction make it clear that, at
24 the very least, "a ground *may* exist to dismiss the indictment because of a matter that occurred before the
25 grand jury" where exculpatory information exists. See Exh. A at 10-11.

26 It is apparent that a ground *does* exist to dismiss the indictment: the grand jury found probable cause
27 on a count that the government's evidence affirmatively negates. The possibility of error arising out of this
28 is particularly high, given that Judge Burns instructed the grand jury that the prosecutor would disclose

exculpatory evidence, because she was duty-bound to do so. This instruction, when combined with an actual failure to disclose exculpatory evidence, is extremely prejudicial to the grand jury's role as "gatekeeper." Failure to disclose exculpatory evidence to a grand jury so instructed would be grounds to dismiss the indictment.

Judge Burns instructed the grand jury that "in most instances, the U.S. Attorneys are duty-bound to present evidence that cuts against what they may be asking you to do if they're aware of that evidence." See Exhibit A to Defendant's Motion to Compel. According to Judge Moskowitz, "if [a] Defendant can establish that the Government in fact knew of exculpatory evidence that was not presented to the grand jury and that this failure to present exculpatory evidence, in conjunction with Judge Burns' comments, 'substantially influenced the grand jury's decision to indict' or raises 'grave doubt' that the decision to indict was free of the substantial influence of such events, the Court may dismiss the indictment under its supervisory powers." See Exh. A at 11-12, citing Bank of Nova Scotia v. United States, 487 U.S. 250 (1988). Because Judge Moskowitz assigned the burden of proving that to the defendant there, Martinez-Covarrubias, he granted Mr. Martinez-Covarrubias "leave to conduct discovery regarding what evidence was presented to the grand jury." See id. at 12. This Court should do the same here.

Indeed, Judge Burns himself recently ordered grand jury transcripts compelled where the government had failed to present exculpatory evidence to the grand jury. See United States v. Aceves-Iniestra, Case No. 08cr0361-LAB, Order Compelling Production of the Grand Jury Transcripts, dated April 18, 2008 (attached hereto as Exhibit B).

        **a.    The Reasons For Secrecy Are At Their Low Ebb.**

There are valid and well-established reasons for grand jury secrecy. The five reasons repeatedly cited by the Supreme Court demonstrate the low need for government secrecy in this case. United States v. Procter & Gamble Co., 356 U.S. 677, 681-682 n.6 (1958); accord Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979):

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of

4

1  the fact that he has been under investigation, and from the expense of standing trial when there was
2  no probability of guilt.

3  Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1009 (9th Cir. 1981)

4  However, "as the considerations justifying secrecy become less relevant, a party asserting a need

5  for grand jury transcripts will have a lesser burden." Douglas Oil Co., 441 U.S. at 223; See also In Re

6  Grand Jury Proceedings, GJ-76-4 & GJ-75-3, 800 F.2d 1293, 1299 (4th Cir. 1986); United States v.

7  Fischback And Moore, 776 F.2d 839, 843 (9th Cir. 1985). An application of this principle illustrates that

8  the government's need for secrecy here is at a low ebb,[2] while Mr. Haynes' showing of particularized need

9  is high.

10  The first factor—preventing "escape of those whose indictment may be contemplated"—is non-

11  existent in this case. Mr. Haynes is in custody and has been since his arrest. In addition, his indictment

12  is a fait accompli, not a mere contemplation. The second factor—insuring "the utmost freedom to the grand

13  jury in it deliberations and [preventing] persons subject to indictment or their friends from importuning the

14  grand jurors"—is also absent in this case. The grand jury has already deliberated and made its decision,

15  without the influence of Mr. Haynes or his friends. The third factor—preventing "subornation of perjury

16  or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those

17  indicted by it"—is likewise absent because all witnesses have already testified before the grand jury. In

18  addition, if any witnesses testify at trial the transcripts of their prior testimony will be made available to

---

[2] This is in large part because the grand jury's deliberations have ended in this case. Of course, this does not entirely eliminate the reasons for grand jury secrecy:

> the court[] must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties." Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties.... Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

Douglas Oil, 441 U.S. at 222. It is almost certain that the witness in front of the grand jury that indicted Mr. Haynes was one or several border patrol agents. It is highly unlikely that he or she would fear retribution or social stigma based upon disclosed grand jury testimony, given that such testimony is an integral part of his job.

5

defense counsel per the Jenck's Act. The fourth factor likewise does not exist in this case, because the need "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes" passed once the grand jury indicted Mr. Haynes. Finally, the fifth factor is absent since Mr. Haynes has already been indicted, and his indictment has been made public. This means that he is not among the "innocent accused who is exonerated" risking "disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

### b. Mr. Haynes' Showing of Particularized Need Is Strong.

As noted in his original motion, Mr. Haynes has pointed not to mildly or potentially exculpatory information in the possession of the government at the time of the indictment. He has affirmatively demonstrated that the government's own discovery provided to defense counsel at the time of indictment affirmatively negates at least Count 4 of the indictment. This information—which goes far beyond "exculpatory" and in fact undermines the entire count—suggests that either the grand jury was misinstructed as to the requisite elements of transportation and aiding and abetting, or that the information was wrongly presented to the grand jury. Mr. Haynes has, thus, shown a particularized need for information that <u>may</u> warrant dismissal of the indictment.

### 2. There Are Several Likely Grounds For Dismissing the Indictment.

The Supreme Court has long held that dismissal of an indictment may be proper based upon matters that occurred before the grand jury. <u>United States v. Williams</u>, 504 U.S. 36, 46 (1992). The government's argument that "there is no theory on which the defendant can rely to achieve a dismissal of the indictment in this matter" is both unsupported by a single case, and is simply wrong. This Court does have the power to dismiss the indictment due to errors in the grand jury proceeding. <u>Id.</u> at 46 (it is "clear that the supervisory power can be used to dismiss an indictment because of misconduct before the grand jury"); <u>Bank of Nova Scotia v. United States</u>, 487 U.S.250, 254 (1988); <u>United States v. Ross</u>, 372 F.3d 1097 (9th Cir. 2004).

The Supreme court held in <u>Bank of Nova Scotia</u> that "a district court may not dismiss an indictment for errors in grand jury proceedings <u>unless such errors prejudiced the defendants</u>." 487 U.S. at 254. The clear meaning of this Supreme Court holding is that a district court <u>does</u> have the power to dismiss an indictment if prejudice is shown. As noted in the Ninth Circuit and demanded by the Supreme Court, the

proper prejudice inquiry is whether the government conduct "had at least some impact on the [grand jury's] verdict and thus redounded to [the defendant's] prejudice." United States v. Lopez, 4 F.3d 1455, 1464 (9th Cir. 1993) (quoting United States v. Owen, 580 F.2d 365, 368 (9th Cir. 1978)). Such an inquiry cannot be conducted if the government does not disclose the transcripts, as required by the Court's order. The proper manner of determining whether the grand jury's indictment was properly obtained, and whether any error before the grand jury prejudiced Mr. Haynes, of course requires disclosure of the grand jury transcripts.

With regard to a theory that Mr. Haynes can rely on to dismiss the indictment, there are a number of possible grounds for dismissal that arise when a prosecutor fails to disclose exculpatory evidence. The transcripts may show one of these grounds and that is the only showing that Mr. Haynes needs to make for disclosure under Rule 6(e)(3)(E). Given the significant possibility of error in the grand jury proceedings, the court should not reconsider its order to compel production of the grand jury transcripts.

### C. **THE GOVERNMENT'S ARGUMENT THAT THE INDICTMENT IS FREE FROM ERROR BECAUSE MR. HAYNES WAS CHARGED AS AN AIDER AND AN ABETTOR IS UNSUPPORTED BY THE ELEMENTS OF AIDING AND ABETTING.**

In its response and opposition to Mr. Haynes' motion to compel production, the government asserted that the asserted error and need for grand jury transcripts was unavailing because Mr. Haynes was also charged as an aider and abettor. It seems that government counsel conflated the bring to charge with the transport charge in making this argument. It *is* possible to be charged as an aider and abettor to transport, for example if one is a passenger acting as a lookout. However, no such allegation exists here.

Instead, Mr. Haynes was charged as a principal or aider and abettor of a crime **that never occurred**. This is insufficient for aiding and abetting, which has four elements:

> (1) that the accused had the specific intent to facilitate the commission of a *1000 crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying offense, and (4) **that someone committed the underlying substantive offense.**

United States v. Garcia, 400 F.3d 816, 818 n. 2 (9th Cir. 2005). It is the fourth element that does not exist, as the evidence provided by the government shows. If the grand jury was not instructed as to this element, they improperly found aiding and abetting not only as to Mr. Nava-Montenegro, but also as to Mr. Carinas and Mr. Garrido-Paz. Accordingly, grounds would exist to dismiss all six counts alleging aiding and abetting in the alternative.

7

//

Government counsel's misunderstanding of the elements of aiding and abetting and their relationship to substantive counts adds support to the possibility that the grand jury was misinstructed as to aider and abettor liability. A closer look at what occurred before the grand jury to indict Mr. Haynes as an aider and abettor—of a crime that never occurred—is warranted. Because there is such a high probability of error before the grand jury, and because the reasons for grand jury secrecy are at their low ebb, this court should compel production of the grand jury transcripts. Absent the grand jury transcripts, it will be impossible to tell whether Mr. Haynes was denied his constitutional right to presentment, and he will be severely prejudiced.

## III.

## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Haynes, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

Dated: May 12, 2008

*/s/ David M.C. Peterson*
**DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Haynes

H:\DMP\Cases\1324\Haynes\supp.brief.wpd

**INDEX OF EXHIBITS**

EXHIBIT A   Order Denying Defendant's Motion to Dismiss the Indictment . . . . . . . . . . . . . . . . . . . . . 1

EXHIBIT B   Order Compelling Grand Jury Transcript . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: May 12, 2008                         /s/ DAVID M. PETERSON
                                            Federal Defenders of San Diego,
                                            225 Broadway, Suite 900
                                            San Diego, CA  92101-5030
                                            (619) 234-8467  (tel)
                                            (619) 687-2666  (fax)
                                            david_peterson@fd.org (email)

H:\DMP\Cases\1324\Haynes\supp.brief.wpd