**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467
E-mail: david_peterson@fd.org

Attorneys for Mr. Haynes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HAYNES, III,<br><br>Defendant. | Case No. 08cr0366-DMS<br><br>Date:  March 28, 2008<br>Time:  11:00 a.m.<br><br>**STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

**I.**

**STATEMENT OF FACTS**[1]

On February 5, 2008, Mr. Haynes was arrested in a maroon Pathfinder by Border Patrol Agents on State Route 94, in Campo, California.  The events leading to the arrest were as follows.

At approximately 8:00 a.m., Border Patrol Agent Jose J. Vasquez, wearing plain clothes, observed a black male walk towards a Nissan Pathfinder.  He observed the black male, later identified by him as Mr. Haynes, "walk toward" two individuals near the Pathfinder, which was parked in a parking lot several hundred yards from the United States-Mexico border.  Mr. Haynes got into the vehicle and left the parking lot.  Mr. Haynes headed north on Highway 188 toward State Route 94.

---

[1] The following statement of facts is based on the probable cause statement and limited discovery provided by the government.  Mr. Haynes in no way admits the truth of these facts nor their accuracy as cited in these motions.  Further, he reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

1  Agent Vasquez then approached the two individuals walking south towards Mexico. As he
2  attempted to approach them, both started to run towards Mexico. Agent Vasquez apprehended one of them;
3  the other absconded into Mexico. After identifying himself as a Border Patrol agent, Agent Vasquez
4  questioned the individual, who was later identified as Francisco Nava-Montenegro. Nava-Montenegro
5  admitted that he was in the United States illegally.

6  Mr. Haynes was eventually stopped and arrested. The stop and arrest are the subject of another
7  motion and not discussed in detail here. They found five individuals therein, none of whom had permission
8  to be in the United States legally.

9  Mr. Haynes did not sign a Lujan-Castro waiver authorizing release of the material witnesses; three
10 of the material witnesses found in the car were deported. At approximately 1:13, Mr. Haynes was asked
11 to sign a Lujan-Castro waiver, and he repeatedly asked for the assistance of counsel in deciding whether
12 or not any of the material witnesses had information favorable to him. However, his desire to have counsel
13 help him to make an informed decision was of no matter, because the government's decision was a foregone
14 conclusion. Over three-and-one-half hours earlier, Laura Lopez-Alfaro, Camilo Vermudez-Lopez, and Jose
15 Vermudez-Lopez had already requested and been granted voluntary return to Mexico. See Exhibit A, I-
16 213 forms of 3 Deported Material Witnesses. Jorge Carino-Arias, Salvador Garrido-Paz, and Jesus Nava-
17 Montenegro would remain in the United States pending resolution of this case. The decision as to who
18 would stay and who would go had been made for Mr. Haynes, hours before he was asked, and apparently
19 before any videotaped interviews of any of the three material witnesses made unavailable by the
20 government.

21 On February 13, 2008, Mr. Haynes was indicted by a federal grand jury, which charged him with
22 three violations of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), transportation of illegal aliens, and aiding and
23 abetting, and three violations of 8 U.S.C. § 1324(a)(2)(B)(ii), and 18 U.S.C. § 2, aiding and abetting.

24 Relevant to this briefing is the fact that two of the counts relate to Mr. Nava-Montenegro. He was
25 the individual detained outside of the car. Government discovery indicates that he was never *in* the car.
26 In his interview with Border Patrol Agents, he was unable to identify the driver of the car. Yet Mr. Haynes
27 was indicted for transportation of Mr. Nava-Montenegro, aiding and abetting transportation, and bringing
28 Mr. Nava-Montenegro in for financial gain and aiding and abetting.

## II.

## THIS COURT SHOULD RECONSIDER THE DENIAL OF MOTION TO DISMISS THE INDICTMENT BASED UPON THE GOVERNMENT'S DEPORTATION OF EXCULPATORY WITNESSES

**A.    Mr. Haynes Has Shown Materiality and Prejudice Under the Relaxed Standard of *Valenzuela-Bernal* and *Dring*.**

As previously noted, Mr. Haynes can make a plausible showing that the witnesses would be material and favorable to his defense, based upon the fact that Laura Lopez-Alfaro was unable to identify Mr. Haynes as the driver of the vehicle, and stated that she never saw him before they were arrested together. Thus, the only question that remains is whether the agents acted in bad faith. United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982).[2]  United States v. Dring, 930 F.2d 687, 693 (9th Cir. 1991), cited by the government in addition notes the "relaxation of the specificity required [to show prejudice, i.e., materiality], but was unwilling to dispense altogether with the showing of materiality." Id.

Ms. Lopez-Alfaro and her two sons were deported, despite the fact that at least one of them had exculpatory information. This is sufficient to show materiality, particularly in light of the fact that the two sons were never interviewed by border patrol.

**B.    Mr. Haynes Has Shown Enough Evidence of Bad Faith to Merit Dismissal, or at the Very Least, an Evidentiary Hearing.**

The government failed to interview two of the three deported material witnesses. However, this is not the only indicator of bad faith. Over three hours *before* Mr. Haynes was asked if he believed any of the material witnesses had any evidence that was material and exculpatory, the government had already the three witnesses that are currently unavailable for voluntary return. It is believed they were deported before he was ever interviewed. Essentially, the agents were seeking Mr. Haynes' consent to a fait accompli, without ever bothering to tell him that three of the witnesses had already been returned to

---

[2] This issue deserves reconsideration because, unlike many defendants, Mr. Haynes never waived his right to retain material witnesses. Cf. United States v. Lujan-Castro, 602 F.2d 877, 878-79 (9th Cir. 1979) (reaffirming the significance of the right to retain deportable alien witnesses as established in Mendez-Rodriguez, but holding that such right could be waived, so long as any such waiver was made knowingly and intelligently).

1 Mexico. As the government itself acknowledges, where there is a showing of bad faith and prejudice,
2 dismissal is warranted. Dring, 930 F.2d at 693.

3 Moreover, Mr. Haynes was only asked if he believed they had evidence material and favorable to
4 his defense **hours after** they had been processed and removed. This amounts to bad faith, and constitutes
5 a violation of Mr. Haynes' Sixth Amendment right to compulsory process under Valenzuela-Bernal.

6 Because Mr. Haynes never waived his Lujan-Castro rights, and because the government acted in bad
7 faith by deporting the material witnesses long before giving Mr. Haynes the opportunity to identify
8 witnesses material and favorable to his defense, this court should dismiss the indictment against Mr.
9 Haynes. In the alternative, Mr. Haynes requests an evidentiary hearing on the issue of bad faith.

## III.
## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Haynes, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

Dated: May 12, 2008

 */s/ David M.C. Peterson*
**DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Haynes

Case 3:08-cr-00366-DMS    Document 27-2    Filed 05/12/2008    Page 5 of 6

INDEX OF EXHIBIT

EXHIBIT A Records of Deportable/Inadmissible Alien . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

H:\DMP\Cases\1324\Haynes\MTN to reconsider.wpd

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated:  May 12, 2008                                                    /s/ DAVID M. PETERSON
                                                                                        Federal Defenders of San Diego,
                                                                                        225 Broadway, Suite 900
                                                                                        San Diego, CA  92101-5030
                                                                                        (619) 234-8467  (tel)
                                                                                        (619) 687-2666  (fax)
                                                                                        david_peterson@fd.org (email)

H:\DMP\Cases\1324\Haynes\MTN to reconsider.wpd