1   KAREN P. HEWITT
    United States Attorney
2   AARON B. CLARK
    DAVID D. LESHNER
3   Assistant United States Attorneys
    Federal Office Building
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-6787

6   Attorneys for Plaintiff
    United States of America

7
                        UNITED STATES DISTRICT COURT
8
                      SOUTHERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,         )   Criminal Case No. 08-CR-0366-DMS
                                      )
                   Plaintiff,         )   DATE:        March 23, 2008
11                                    )   TIME:        2:00 p.m.
            v.                        )
12                                    )   **UNITED STATES' RESPONSE AND**
    JAMES HAYNES, III,                )   **OPPOSITION TO DEFENDANT'S**
13                                    )   **MOTION FOR RECONSIDERATION**
                   Defendant.         )   **AND SUPPLEMENTAL BRIEFING RE**
14                                    )   **MOTION TO COMPEL PRODUCTION**
                                      )   **OF GRAND JURY TRANSCRIPTS**
15  _____  )

16

17         COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18  Karen P. Hewitt, United States Attorney, and Aaron B. Clark and David D. Leshner, Assistant

19  United States Attorneys, and hereby files its response and opposition to defendant James Haynes,

20  III's motion for reconsideration and supplemental briefing re motion to compel production of grand

21  jury transcripts.  Said response is based upon the files and records of this case together with the

22  attached memorandum of points and authorities.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I

3

### DEFENDANT'S MOTION FOR RECONSIDERATION

4 Defendant's untimely motion for reconsideration of the Court's order denying his motion

5 to dismiss the indictment lacks merit for at least two reasons. First, Defendant cites no new facts

6 or any change in the law justifying reconsideration. Second, Defendant again fails to demonstrate

7 either that the Government acted in bad faith or that he suffered prejudice from the removal of a

8 material witness, Ms. Lopez-Alfaro, and her two minor children.

9 **A.    There Are No Grounds For Reconsideration.**

10 As a general matter, "[r]econsideration is appropriate if the district court (1) is presented

11 with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

12 unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 1J, Multnomah</u>

13 <u>County, OR v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). None of these circumstances exist

14 here. Defendant cites no new evidence or any changes in the law, and the Court's initial ruling was

15 not clearly erroneous. A party's displeasure with a ruling does not constitute a legitimate basis for

16 reconsideration, and neither the Court nor the Government should be forced to expend time and

17 resources evaluating and responding to a motion for reconsideration that simply rehashes the

18 arguments advanced in the initial motion in the hope that the Court might change its mind.

19 **B.    Defendant Cannot Establish Bad Faith Or Prejudice.**

20 The motion also fails because Defendant again has not met his burden of establishing either

21 bad faith or prejudice. To establish bad faith, the Defendant must present evidence demonstrating

22 either "that the Government departed from normal deportation procedures" or "that the Government

23 deported the aliens to gain an unfair tactical advantage over him at trial." <u>United States v. Dring</u>,

24 930 F.2d 687, 695 (9th Cir. 1991). No such evidence exists here. To the contrary, after Defendant

25 refused to sign a <u>Lujan-Castro</u> form indicating whether he desired to retain any material witnesses,

26

27

28

2

1    the Government allowed Ms. Lopez-Alfaro and her two minor children to return to Mexico. That

2    decision to release a mother and her children from custody was reasonable, especially given that

3    Ms. Lopez-Alfaro's testimony would have been entirely cumulative of the other material witnesses

4    because neither she nor her children ever saw the driver of the vehicle.

5           Defendant's reconsideration motion assumes that prejudice exists because Ms. Lopez-

6    Alfaro never saw the vehicle driver. But this assumption misapprehends the nature of the prejudice

7    analysis. "To prevail under the prejudice prong, the defendant must at least make a plausible

8    showing that the testimony of the deported witnesses would have been material and favorable to

9    his defense, in ways not merely cumulative to the testimony of available witnesses." Dring, 930

10   F.2d at 693-94 (emphasis added, citation omitted). Thus, even where a deported witness' testimony

11   might conceivably be favorable to the defendant, there is no prejudice where the testimony is

12   cumulative of other witnesses. See id. at 695 (defendant failed to show prejudice because even if

13   deported witnesses could have supported defendant's misidentification defense, "that testimony

14   would merely have been cumulative" of another defense witness); United States v. Tafollo-

15   Cardenas, 897 F.2d 976, 979 (9th Cir. 1990) (affirming denial of motion to dismiss - "Even if we

16   assume that [the deported witness] would testify favorably, as [defendant] suggests, those

17   statements would have added nothing new and been 'merely cumulative.'"). Here, Defendant has

18   not made a showing that Ms. Lopez-Alfaro's testimony would be favorable to him in the first place

19   because she and her children never saw the vehicle driver. And even assuming such testimony

20   might conceivably be deemed favorable to Defendant, it is entirely cumulative of the three retained

21   material witnesses, each of whom were unable to identify Defendant as the vehicle driver.

22          Defendant has made no showing of either bad faith or prejudice. The Court properly denied

23   the initial motion to dismiss the indictment, and there is no basis to reconsider that ruling.

24   / / /

25   / / /

26   / / /

27

28                                                      3

**II**

**DEFENDANT'S SUPPLEMENTAL BRIEFING RE MOTION TO COMPEL**

**PRODUCTION OF GRAND JURY TRANSCRIPTS**

**A.    Introduction**

For all the reasons set forth below, the Government vigorously opposes Defendant's motion to compel production of grand jury transcripts in this matter.  Nonetheless, the Government will move to dismiss Count 4 of the Indictment – the count which forms the basis for Defendant's motion – at the hearing on March 23, 2008.  This dismissal will eliminate any potential claim of prejudice and render Defendant's motion moot.

**B.    Legal Standards**

Grand jury proceedings are presumed secret.  See F.R.Crim.P. 6(e)(2).  Rule 6(e) is consistent with the "long-established policy that maintains the secrecy of grand jury proceedings in the federal courts" and the Supreme Court's recognition that such secrecy is "indispensable" to our system of justice.  United States v. Proctor & Gamble Co., 356 U.S. 677, 681 (1958).  See also Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959) ("The reasons [for secrecy] are manifold, and are compelling when viewed in the light of the history and modus operandi of the grand jury . . . To make public any part of its proceedings would inevitably detract from its efficacy.") (citations omitted).

A defendant seeking to overturn this presumption of grand jury secrecy bears a heavy burden.  Pittsburgh Plate Glass Co., 360 U.S. at 400.  Release of grand jury transcripts "may not be ordered unless the defendant demonstrates with particularity the existence of a **compelling need** that is sufficient to outweigh the policy of grand jury secrecy."  United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987) (emphasis added).  To this end, the Ninth Circuit repeatedly has recognized that "[s]peculation cannot justify this court's intervention into the grand jury's proceedings."  United States v. Claiborne, 765 F.2d 784, 792 (9th Cir. 1985), abrogated on other grounds, Ross v. Oklahoma, 487 U.S. 81 (1988); United States v. Ferreboeuf, 632 F.2d 832, 835

4

1    (9th Cir. 1980) ("Mere unsubstantiated, speculative assertions of improprieties in the proceedings

2    do not supply the particular need required to outweigh the policy of grand jury secrecy.") (citation

3    omitted).

4    **C.    Discussion**

5        Defendant has not met his heavy burden.  Rather than demonstrate a compelling need for

6    release of the transcripts, he offers his view as to why the facts of this case do not support a charge

7    of transportation of illegal aliens as to material witness Nava-Montenegro and then theorizes that

8    the grand jury may not have received exculpatory information or may have been misinstructed.

9        **1.    Defendant may not challenge the indictment based on the sufficiency of the**

10       **evidence.**

11       Defendant's motion is, at bottom, an attack on the indictment based on the sufficiency of

12   the evidence.  But the law is clear that "an indictment regular on its face and returned by a legally

13   constituted and unbiased grand jury is presumed to be valid." United States v. Buffington, 815 F.2d

14   1292, 1304 (9th Cir. 1987); Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment

15   returned by a legally constituted and unbiased grand jury, like an information drawn by the

16   prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.").  Moreover,

17   "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted

18   on the basis of inadequate or incompetent evidence." United States v. Calandra, 414 U.S. 338, 345

19   (1974); Bank of Nova Scotia v. United States, 487 U.S. 250, 261 (1988).

20       The indictment in this case is presumed valid and is not subject to attack based on

21   allegations of insufficient evidence underlying the grand jury's finding of probable cause.

22   Accordingly, any alleged insufficiency of evidence as to one of the counts alleged cannot provide

23   a basis to obtain grand jury transcripts to challenge the indictment.  Calandra, 414 U.S. at 345;

24   Costello, 350 U.S. at 363.  See also United States v. Graham, 247 F. Supp. 2d 923 (S.D. Ohio 2002)

25   (denying defendant's motion for disclosure of grand jury transcripts to ascertain whether grand jury

26   was properly instructed).

27

28

1    **2.    <u>Speculation as to grand jury instructions or exculpatory evidence does not</u>**

2    **<u>support disclosure of grand jury transcripts.</u>**

3    Beyond the fact that the indictment is valid on its face, defendant's motion appears to

4    assume that the grand jury must receive legal instructions in the first instance.  He is wrong.

5    Federal law does not require that the grand jury receive legal instructions.  <u>United States v. Kenny</u>,

6    645 F.2d 1323, 1347 (9th Cir. 1981) (holding that grand jury need not receive legal instructions);

7    <u>United States v. Lopez-Lopez</u>, 282 F.3d 1, 9 (1st Cir. 2002) ("The prosecutor is under no obligation

8    to give the grand jury legal instructions.");  <u>United States v. Zangger</u>, 848 F.2d 923, 925 (8th

9    Cir.1988) (same).

10    In a related argument, Defendant speculates that the Government may not have presented

11    exculpatory evidence to the grand jury.  He extracts from this speculation the erroneous proposition

12    \ that failure to present exculpatory information gives rise to "a number of possible grounds for

13    dismissal."  (Supp. Brief at 7.)  This is incorrect.

14    Prosecutors have no legal duty to present exculpatory evidence to grand juries.  <u>United</u>

15    <u>States v. Williams</u>, 504 U.S. 36, 52 (1992); <u>United States v. Isgro</u>, 974 F.2d 1091, 1096 (9th Cir.

16    1992) ("[P]rosecutors simply have no duty to present exculpatory evidence to grand juries.").  As

17    a matter of law, any alleged failure to present exculpatory evidence to the grand jury cannot

18    constitute grounds to dismiss the indictment.  It necessarily follows that there is no basis for

19    disclosure of grand jury transcripts under F.R.Crim. P. 6(e)(3)(E)(ii) to pursue this legally

20    untenable theory of dismissal.  <u>See</u> <u>United States v. Syling</u>, 2008 WL 1699422, *5 (D. Hawaii April

21    11, 2008) (denying motion for disclosure of grand jury transcripts based on alleged failure to

22    present exculpatory evidence to grand jury because any such failure would not constitute grounds

23    to dismiss the indictment;  <u>United States v. Murray</u>, 751 F.2d 1528, 1533 (9th Cir.1985) ("The

24    alleged instances of prosecutorial and grand jury misconduct during the first grand jury proceedings

25    do not amount to the particularized need required to outweigh the secrecy of the grand jury

26

27

28    6

1    proceedings. The claimed misconduct would not have compelled the dismissal of the first

2    superseding indictment.") (internal citations omitted).

3        **3.**     **The Government will move to dismiss Count 4.**

4        Although no legal basis exists to compel disclosure of the grand jury transcripts, even

5    Defendant concedes that, should this Court order disclosure, Defendant could seek dismissal only

6    by establishing that any error before the grand jury prejudiced him. See Bank of Nova Scotia v.

7    United States, 487 U.S. 250 (1988). Assuming arguendo that Defendant could establish a legally

8    cognizable error before the grand jury with respect to Count 4 of the Indictment, dismissal of that

9    count would obviate any prejudice. As noted above, the Government will move to dismiss Count

10   4 at the March 23, 2008 hearing. This dismissal eliminates any potential claim that Defendant is

11   entitled to disclosure of the grand jury transcripts.

12   **III**

13   **CONCLUSION**

14       For the foregoing reasons, the Government respectfully requests that the Court deny

15   Defendant's motions.

16

17   DATED: May 15, 2008.                       Respectfully submitted,

18                                        Karen P. Hewitt
                                          United States Attorney

19

20                                      s/ David D. Leshner
                                        AARON B. CLARK

21                                      DAVID D. LESHNER
                                        Assistant U.S. Attorneys

22                                      Attorneys for Plaintiff
                                        United States of America

23

24

25

26

27

28   7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-0366-DMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| | ) | |
| JAMES HAYNES, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, David D. Leshner, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND SUPPLEMENTAL BRIEFING RE MOTION TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

David M.C. Peterson, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2008.

/s/ David D. Leshner
DAVID D. LESHNER

8