**DAVID M.C. PETERSON**
California State Bar No. 254498
**MICHELLE BETANCOURT**
California State Bar No. 215035
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org
michelle_betancourt@fd.org

Attorneys for Mr. Haynes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08cr0366-DMS |
| ) | |
| Plaintiff, ) | Date: May 30, 2008 |
| ) | Time: 1:30 p.m. |
| v. ) | |
| ) | **REPLY TO UNITED STATES' RESPONSE** |
| JAMES HAYNES, III, ) | **AND OPPOSITION TO MOTION TO COMPEL** |
| ) | **PRODUCTION OF THE GRAND JURY** |
| Defendant. ) | **TRANSCRIPTS** |
| _____ ) | |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY;
    AARON CLARK, ASSISTANT UNITED STATES ATTORNEY;
    DAVID LESHNER, ASSISTANT UNITED STATES ATTORNEY.

COMES NOW the accused, James Haynes, III, by and through his counsel, David M.C. Peterson, Michelle Betancourt, and Federal Defenders of San Diego, Inc., and hereby files his reply to the plaintiff's response and opposition to his Motion to Compel Production of the Grand Jury Transcripts. This reply is based upon the files and records of this case, the prior pleading, and the attached memorandum of points and authorities.

//

//

//

//

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**[1]

Mr. Haynes hereby incorporates his statement of facts in his Supplemental Briefing in Support of his Motion to Compel Production of the Grand Jury Transcripts.

**II.**

**THE MOTION FOR RECONSIDERATION**

The government states that because Mr. Haynes cited no new facts or any change in law justifying reconsideration. However, the court's denial of the motion to dismiss was erroneous because Mr. Haynes has established materiality and prejudice under the relaxed standards of United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982) and United States v. Dring, 930 F.2d 687, 693 (9th Cir. 1991).

A.  Mr. Haynes Has Shown Materiality.

With regard to materiality, Mr. Haynes has shown that the statements of Ms. Lopez-Alfaro are material to his defense. Specifically, she stated that "the smuggler had given her specific instructions to stay close to him and *not make any noise*." See Defendant's Motion to Reconsider, Exhibit A (emphasis added). That she was told to be very quiet is relevant, given that Mr. Haynes' knowledge of the aliens in the vehicle is directly at issue. In addition, her statement contradicts material witness Salvador Garrido-Paz's statement to border patrol agents that "he yelled at the driver to let them out but without success." Should Mr. Garrido-Paz's statement or a story based upon that claim come out at trial, that Ms. Lopez-Alfaro was told to keep quiet will be highly relevant to the jury's determination of the facts and of Mr. Garrido's claim that he "yelled at the driver to let them out," and to the determination of when this alleged statement occurred. These are simply two different versions of events directly relevant to Mr. Haynes' knowledge. In the sworn statement of Jorge Carino, the only other material witness in the compartment, there is no mention of yelling. However, even if Mr. Carino confirms Ms. Lopez' version of events, her lost testimony would not

---

[1] The following statement of facts is based on the probable cause statement and limited discovery provided by the government. Mr. Haynes in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, he reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

1  be cumulative. Assuming that Mr. Carino testifies exactly as Ms. Lopez presumably would have—"the
2  smuggler had given [him] specific instructions to stay close to him and not make any noise"—this will be
3  the testimony of only a single person, contradicted by the testimony of the only other witness the
4  government chose to retain. A swearing match between two witnesses creates a situation where the
5  testimony of a third material witness is not cumulative. In fact, Ms. Lopez-Alfaro's testimony would
6  actually be extremely helpful in corroborating one of the two versions of events. Unfortunately, this will
7  not be possible because the government has made Ms. Lopez-Alfaro and her children unavailable.

8        The testimony of Ms. Lopez-Alfaro would not only be relevant at trial, it would be relevant at the
9  approaching evidentiary hearing. The government claims that agents heard people moving inside the
10 alleged compartment immediately upon approaching the vehicle. However, as has been stated since Mr.
11 Haynes' initial motion to dismiss, "the witnesses who were removed from this country would corroborate
12 his version of events regarding the stop." Defendant's Motion to Dismiss, filed March 14, 2008, at 34.
13 Unfortunately, three of the five witnesses who could testify to the events at the stop were deported. Thus,
14 any inconsistencies between the two witnesses can never be resolved, because the other witnesses were
15 deported.

16 B.   <u>Mr. Haynes Has Shown Sufficient Evidence of Bad Faith</u>.

17       Again under the relaxed standards of <u>Valenzuela-Bernal</u> and <u>Dring</u>, Mr. Haynes has shown sufficient
18 evidence of bad faith. The material witnesses were deported hours before Mr. Haynes was asked if he
19 wanted them retained based on exculpatory information they might possess. He cannot <u>prove</u> that they were
20 deported because he had been arrested and was in custody at the time. He is in an extremely difficult
21 position to show bad faith, and it is unfair for the court to demand of him the impossible task of proving
22 something government custody prevented him from knowing. To require him to prove conclusively that
23 they were deported beforehand would be highly unjust. His evidence that the three deported material
24 witnesses were selected for voluntary removal and <u>appear</u> to have been deported is sufficient evidence of
25 bad faith. At the very least, the issue of when the material witnesses were deported merits a hearing
26 because the government agents will <u>know</u> when the 3 material witnesses were deported.

27 //
28 //

## III.

## **THIS COURT SHOULD ORDER THE GRAND JURY TRANSCRIPTS COMPELLED**

This response incorporates the prior arguments made by Mr. Haynes, and serves only to address the arguments raised by the government in its response and opposition.

A.   <u>Mr. Haynes Has Met His Burden of Showing Particularized Need</u>.

The government states that grand jury proceedings are presumed secret. This is true, but there is also specific provision for when the need for that secrecy is overridden by the need to serve justice. Fed.R.Crim.P. 6(e)(3)(E) (calling for disclosure when defendant shows that a ground <u>may</u> exist to dismiss the indictment due to matter occurring before the grand jury). Given that the government is, in fact, dismissing one of the counts, Mr. Haynes has met that burden. Given that a ground <u>does</u> exist to dismiss count four, a ground at the very least <u>may</u> exist to dismiss the other five counts. And that is the only showing Mr. Haynes need make.

The government's attempt to place a "heavy burden" on Mr. Haynes is a misinterpretation of existing law. The very case cited for this proposition by the government in fact states that what is required for disclosure is a showing of "particularized need." <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 683 (1958). The government seeks to make great use of <u>Procter & Gamble</u>, despite the fact that the grand jury transcripts were sought by a defendant in a civil case, under civil discovery rules. The Supreme Court clearly stated that "[w]e only hold that no compelling necessity has been shown for the wholesale discovery and production of a grand jury transcript under Rule 34 [of the Federal Rules of Civil Procedure]." <u>Id.</u> at 683. Thus, aside from the proposition that there are situations in which release is <u>not</u> warranted, the case does not help the government. This is because <u>Procter & Gamble</u> in fact reminds us that disclosure does not require any out-of-the-ordinary need for grand jury transcripts. <u>Id.</u> Particularized need arises, for example, when a litigant seeks to use "the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like." <u>Id.</u>

Here, the particularized need is different than mid-trial need, but it is completely valid, compelling and specifically provided for by the Federal Rules of <u>Criminal</u> Procedure. The government is dismissing one count of the indictment to avoid disclosure of matters that occurred before the grand jury. It is unclear

1  what those matters were, but they do merit dismissal of one count. For that basic reason, they may merit
2  dismissal of the other counts, which is all that is required by Rule 6(e)(3)(E).

3  It is only once a defendant actually moves for dismissal that the burden may become heavy. The
4  Ninth Circuit has "upheld dismissal of indictments based on cumulative prosecutorial errors and
5  indiscretions before the grand jury." See, e.g., United States v. Samango, 607 F.2d 877, 884-85 (9th Cir.
6  1979); see also United States v. Basurto, 497 F.2d 781 (9th Cir. 1974). However, "[a] defendant who
7  challenges the indictment ... bears a heavy burden to demonstrate that the prosecutor engaged in flagrant
8  misconduct deceiving the grand jury or significantly impairing its exercise of independent, unbiased
9  judgment." United States v. Venegas, 800 F.2d 868, 869-70 (9th Cir. 1986) (citations omitted). Given that
10 this burden may be heavy, depending upon what actually occurred before the grand jury, the requested
11 discovery is absolutely necessary to Mr. Haynes, now that he has shown that there is ground to dismiss one
12 count of the indictment, and that there may be grounds to dismiss two other counts. Failure to compel the
13 grand jury transcripts would be a miscarriage of justice.

14 B.  **The Need For Secrecy Is At Its Low Ebb, and the Government Has Provided Neither Facts Nor Argument to the Contrary.**
15

16 The Supreme Court has stated that "as the considerations justifying secrecy become less relevant,
17 a party asserting a need for grand jury transcripts will have a lesser burden." Douglas Oil Co., 441 U.S. at
18 223. The government makes no attempt to respond to the fact that the need for secrecy is at its low ebb
19 here. The provision for grand jury secrecy is a policy-based provision, and the policies do not exist here.
20 In essence, what the government is requesting is secrecy for secrecy's sake. That has no foundation in the
21 law. What is required is a balancing of the defendant's need for the transcripts and the reasons for secrecy.
22 As already argued, those strongly weigh in favor of Mr. Haynes receiving the grand jury transcripts.

23 C.  **The Erroneous Instruction As to the Prosecutor's Duty to Disclose Exculpatory Evidence During the Grand Jury's Impanelment Requires the Court to Compel Grand Jury Transcripts, Since Exculpatory Evidence Was Clearly Not Provided.**
24

25 The grand jury that indicted Mr. Haynes was instructed on the law during impanelment. See
26 Defendant's Motion to Compel Grand Jury Transcripts, Exhibit A. Particularly, they were instructed that
27 "in most instances, the U.S. Attorneys are duty-bound to present evidence that cuts against what they may
28 be asking you to do if they're aware of that evidence." As Judge Moskowitz stated in a case where no

1  exculpatory evidence appears to have existed on the face of the case, "if Defendant can establish that the
2  Government in fact knew of exculpatory evidence that was not presented to the grand jury and that this
3  failure to present exculpatory evidence, in conjunction with Judge Burns' comments, 'substantially
4  influenced the grand jury's decision to indict' or raises 'grave doubt' that the decision to indict was free of
5  the substantial influence of such events, the Court may dismiss the indictment under its supervisory
6  powers."  See Order at 11-12, citing Bank of Nova Scotia v. United States, 487 U.S. 250 (1988).

7       The government completely ignores the facts of the January 2007 Grand Jury's erroneous
8  impanelment in its response.  All of the cases cited by the government assume, and indeed would seem to
9  require, a properly instructed grand jury.  But the government's own argument shows that this grand jury
10 was not properly instructed.  Compare the government's argument that "[p]rosecutors have no legal duty
11 to present exculpatory evidence to grand juries," Government Response and Opposition, at 6, with Judge
12 Burns' instruction that "U.S. attorneys are duty-bound to present evidence that cuts against what they may
13 be asking you to do if they're aware of that evidence." Instructions at 20.  This is the context in which Mr.
14 Haynes was indicted.  And he was indicted for transporting someone who all evidence affirmatively shows
15 he never transported.  This is a gross error.  What "matter that occurred before the grand jury" caused this
16 gross error?  It is unknown at this time, but the same gross error certainly may raise "grave doubt" that the
17 other counts were not "free of the substantial influence of such events."  See Order at 11-12.  That is all Mr.
18 Haynes needs to show, and he has shown that.

### IV.
### CONCLUSION

21     For these and all the foregoing reasons, the defendant, Mr. Haynes, respectfully requests that this
22 Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

Dated: May 23, 2008

*/s/ David M.C. Peterson*
**DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Haynes

N:\Cases\1324\Haynes\2reply to opp to mtn to compel.wpd

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated:  May 23, 2008                              /s/ DAVID M. PETERSON
                                                  Federal Defenders of San Diego,
                                                  225 Broadway, Suite 900
                                                  San Diego, CA  92101-5030
                                                  (619) 234-8467  (tel)
                                                  (619) 687-2666  (fax)
                                                  david_peterson@fd.org (email)

N:\Cases\1324\Haynes\2reply to opp to mtn to compel.wpd