| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | AARON B. CLARK |
| | DAVID D. LESHNER |
| 3 | Assistant United States Attorneys |
| | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6787 |
| 6 | Attorneys for Plaintiff |
| | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-0366-DMS |
|---|---|---|
| Plaintiff, | ) | DATE: June 13, 2008 |
| | ) | TIME: 11:00 a.m. |
| v. | ) | |
| JAMES HAYNES, III, | ) | **UNITED STATES' MOTIONS IN LIMINE TO:** |
| Defendant. | ) | **(A) ALLOW ARGUMENT THAT DEFENDANT NEED NOT ACT FOR PERSONAL FINANCIAL GAIN;** |
| | ) | **(B) ADMIT CO-CONSPIRATOR STATEMENTS;** |
| | ) | **(C) ADMIT RULE 404(B) EVIDENCE;** |
| | ) | **(D) EXCUSE WITNESSES; AND** |
| | ) | **(E) RENEWED MOTION FOR RECIPROCAL DISCOVERY** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark and David D. Leshner, Assistant United States Attorneys, and hereby files its motions in limine. Said motions are based upon the files and records of this case together with the following memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

On February 21, 2008, defendant James Haynes, III was arraigned on a six-count Indictment charging him with bringing in illegal aliens for financial gain, transporting illegal aliens and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii); (a)(1)(A)(ii); and (v)(II) and 18 U.S.C. § 2. Defendant entered a plea of not guilty. On May 30, 2008, the Government dismissed Count Four of the Indictment without prejudice.

**II**

**STATEMENT OF FACTS**

**A.    Defendant's Apprehension**

On the morning of February 5, 2008, Border Patrol Agent Jose Vasquez was operating in a plainclothes capacity in Tecate, CA. Agent Vasquez was stationed in his unmarked vehicle in the parking lot of a small strip mall on the east side of Tecate Road approximately 350 yards north of the international border. At approximately 8:00 a.m., he observed an individual, later identified as Defendant, walking through the parking lot to a convenience store. Defendant exited the store shortly thereafter and walked through the parking lot and across Tecate Road toward a parking lot on the west side of the road commonly known as the "Three Dollar Parking Lot."

Not recognizing Defendant as one of the local residents he encounters on a regular basis, Agent Vasquez exited his vehicle to maintain observation of Defendant as he entered the Three Dollar Parking Lot. Defendant approached a maroon Nissan Pathfinder parked in the lot. Two men were standing on the passenger side of the vehicle, and the vehicle's rear passenger-side door was open. Agent Vasquez observed Defendant converse briefly with one of the men before they shut

1  the passenger side door. Defendant then entered the vehicle's driver seat, quickly exited the
2  parking lot and drove north on Tecate Road. The two individuals who had been standing on the
3  passenger side of the vehicle began walking south on the west side of Tecate Road.

4  Agent Vasquez walked across Tecate Road and began following the two individuals. When
5  the individuals observed him, Agent Vasquez identified himself as a Border Patrol agent and
6  ordered them to stop. Both individuals ignored Agent Vasquez' commands and fled south toward
7  the port of entry. Agent Vasquez apprehended one of them, but the other escaped into Mexico.

8  The individual apprehended by Agent Vasquez identified himself as Francisco Nava-
9  Montenegro and admitted to being a citizen of Mexico without documents allowing him to enter
10 the United States. Nava-Montenegro informed Agent Vasquez that he had crossed into the United
11 States on foot with a group led by a guide.

12 Based on his observations and the information obtained from Nava-Montenegro, Agent
13 Vasquez requested that other Border Patrol agents perform an investigatory stop of Defendant's
14 vehicle. Agents Jorge Diaz and Robert Godreau responded in unmarked vehicles and encountered
15 Defendant's vehicle as it proceeded eastbound on SR-94. They requested that a marked Border
16 Patrol perform an investigatory stop.

17 Defendant yielded to a marked Border Patrol vehicle being driven by Agent James Napoli.
18 Agents Napoli, Diaz and Godreau approached Defendant's vehicle. A strong odor of glue
19 emanated from the vehicle, and the agents heard movement inside the speaker box behind the
20 vehicle's rear seat. Agents removed Defendant from the vehicle, and Agent Godreau entered the
21 vehicle through a rear door. Agent Godreau could hear voices inside the speaker box, and he
22 observed movement through a small opening in the box. Agents folded down the rear seats and
23 opened the speaker box. Five individuals were concealed inside. All five individuals admitted to
24 being citizens of Mexico without documents allowing them to enter the United States.

25 **B.    Defendant's Post-Arrest Statement**

26 Defendant received <u>Miranda</u> warnings and declined to make a statement.

27

28                                     3

**C.     Material Witness' Statements**

The three material witnesses provided similar statements.  A smuggler guided their group across the border into the United States at Tecate, CA that morning.  The foot guide took them to a parking lot and instructed them to enter a vehicle.  Five members of the group entered the vehicle. The guide instructed Nava-Montenegro not to enter the vehicle and to follow him instead.  None of the six individuals could identify the vehicle's driver.

# III

# MOTIONS IN LIMINE

**A.     The Court Should Allow Argument That Defendant Need Not Act For Personal Financial Gain.**

Counts One, Three and Five of the Indictment charge Defendant with Bringing in Illegal Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and Aiding and Abetting in violation of 18 U.S.C. § 2.  "In the context of aider and abettor liability, there is a single crime that the defendant is charged with committing; he could commit that offense by directly performing illegal acts himself, or by aiding, abetting, counseling, commanding, inducing, or procuring the commission of the offense.  Whichever, the defendant (if convicted) is liable as a principal." United States v. Garcia, 400 F.3d 816, 819 (9th Cir. 2005).

The plain language of 8 U.S.C. § 1324(a)(2)(B)(ii) requires only that the offense be done for the purpose of commercial advantage or private financial gain.  The statute "does not require evidence of an actual payment" but "merely requires that the offense was done for the purpose of financial gain."  United States v. Angwin, 271 F.3d 786, 805 (9th Cir. 2001), overruled on other grounds, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) (en banc).

By proceeding under an aiding and abetting theory, the Government need not prove that Defendant personally acted for the purpose of commercial advantage or private financial gain. See United States v. Munoz, 412 F.3d 1043, 1047 (9th Cir. 2005).  As the Ninth Circuit explained in United States v. Tsai, 282 F.3d 690 (9th Cir. 2001), "[b]ecause [the defendant] was charged as an

aider and abettor under 18 U.S.C. § 2, the government could make out this [financial gain] element merely by proving that a principal – not necessarily [the defendant] himself – committed the crime with a pecuniary motive; it need not show actual payment or even an agreement to pay." Id. at 697 (citation omitted). See also United States v. Schemenauer, 394 F.3d 746, 751 (9th Cir. 2005) (affirming conviction for bringing in illegal alien for financial gain where smuggled alien expected that someone would be paid $3,000 for her transportation, and there was no explanation for the defendant's participation in the alien smuggling scheme "other than an intent to share in the payments to be made").

The foregoing authorities make clear that to convict Defendant of aiding and abetting bringing in for financial gain, the Government need only prove that a principal (not necessarily Defendant) committed the offense with pecuniary motive. Accordingly, the Court should permit the Government to argue that Defendant may be liable under 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 so long as there is evidence that someone was to be paid to smuggle the material witness into the United States and that Defendant aided and abetted the offense.

**B.     The Court Should Admit Co-Conspirator Statements.**

The Government will elicit testimony from the material witnesses concerning their smuggling arrangements and statements made to them by the foot guide who led them from Mexico into the United States and loaded them into Defendant's vehicle. Much of this testimony will not constitute hearsay. For example, the material witnesses properly may testify concerning orders or instructions given by the foot guide. See, e.g., United States v. Bellomo, 176 F.3d 580, 586 (2d Cir.1999) ("Statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay."); United States v. Shepherd, 739 F.2d 510, 514 (10th Cir.1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth."). However, the Government anticipates the material witnesses also will testify concerning their smuggling arrangements and that this testimony may include out-of-court statements made by others concerning those arrangements. It is these out-of-

5

1 | court statements which the Government seeks to admit under Federal Rule of Evidence 801(d)(2)(E).

Rule 801(d)(2)(E) defines statements made by a coconspirator of a party during the course and in furtherance of a conspiracy as non-hearsay. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court re-affirmed its holding in United States v. Bourjaily, 483 U.S. 171 (1987), that co-conspirator statements are non-testimonial and do not implicate the Confrontation Clause regardless whether the defendant was afforded a prior opportunity for cross examination. Crawford, 541 U.S. at 56. The Ninth Circuit similarly has recognized that Crawford did not affect the admissibility of co-conspirator statements under Rule 801(d)(2)(E) "because co-conspirator statements are not testimonial." United States v. Bridgeforth, 461 F.3d 864, 869 n.1 (9th Cir. 2006).

Co-conspirator statements are admissible under Rule 801(d)(2)(E) if the United States demonstrates that (1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. See Bourjaily, 483 U.S. at 175; Bridgeforth, 461 F.3d at 869. These are questions of fact that must be resolved by the Court by a preponderance of the evidence. Fed. R. Evid. 104; Bourjaily, 483 U.S. at 175. "Furtherance of a conspiracy" is to be interpreted broadly. United States v. Manfre, 368 F.3d 832, 838 (8th Cir. 2004). In determining these preliminary questions, the Court "is not bound by the rules of evidence except those with respect to privilege." Fed. R. Evid. 104(a).

The Court may consider the content of the statements in determining whether the co-conspirator statement is admissible. Bourjaily, 483 U.S. at 180. Further, once the Court finds that the statement meets the evidentiary requirements for admission under Rule 801(d)(2)(E), the Court need not make an additional inquiry as to whether the declarant is unavailable or whether there is any independent indicia of reliability. Id. at 182-184.

///

6

To admit co-conspirator statements, the Government need not charge the defendant with conspiracy, United States v. Layton, 855 F.2d 1388, 1398 (9th 1988), or charge the declarant as a co-defendant in any conspiracy. United States v. Jones, 542 F.2d 186 (4th Cir. 1976). Further, upon joining the conspiracy, earlier statements made by co-conspirators after inception of the conspiracy become admissible against the defendant. United States v. Anderson, 532 F.2d 1218, 1230 (9th Cir. 1976) ("Statements of a co-conspirator are not hearsay even if made prior to the entry of the conspiracy by the party against whom it is used."). See also United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948) ("the declarations and acts of various members, even though made prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of coconspirators in aid of the conspiracy"). In other words, a defendant who joins the conspiracy at a later date, takes the conspiracy as he finds it. United States v. Hickey, 360 F.2d 127, 140 (7th Cir. 1966).

### 1.  A Conspiracy Existed

In this case, the conspiracy consists of known and unknown persons, including Defendant, the material witnesses and smugglers in Mexico to smuggle the material witness into the United States and transport them to their destinations within the United States. The evidence of this conspiracy stems both from the statements of the material witnesses as well as the facts and circumstances surrounding Defendant's apprehension.

### 2.  Defendant And The Declarants Were Members Of The Conspiracy

The Government anticipates that one or more material witnesses will testify that their family members made smuggling arrangements on their behalf and that the family members made statements concerning those arrangements. By making smuggling arrangements on behalf of the material witnesses, those family members participated in the conspiracy to bring the material witnesses into the United States. Also participating in the conspiracy were other individuals in Mexico, including the foot guide, as well as Defendant, whose role in the conspiracy was to transport the material witnesses within the United States.

1  **3.    The Statements Were Made During The Course Of And In Furtherance Of The Conspiracy.**

The co-conspirator statements that the Government contends are non-hearsay involve statements concerning the material witness' smuggling arrangements. Accordingly, the statements plainly were in the course of and in furtherance of the conspiracy.

**4.    The Court May Conditionally Admit Co-Conspirator Statements**

The district court possesses the discretion to conditionally admit co-conspirator statements subject to a motion to strike if the Government fails to establish the requisite foundation. United States v. Reed, 726 F.2d 570, 580 (9th Cir. 1984); United States v. Loya, 807 F.2d 1483, 1490 (9th Cir. 1987).

**C.    The Court Should Admit Rule 404(b) Evidence.**

Defendant has been apprehended for alien smuggling on two prior occasions. On October 26, 2006, Defendant attempted to enter the United States through the San Ysidro Port of Entry with two undocumented aliens concealed in the trunk of his car. On November 28, 2007, Border Patrol agents apprehended Defendant at the SR-94 checkpoint driving a vehicle with two undocumented aliens concealed in the trunk.

Rule 404(b) prohibits evidence of other "bad acts" offered solely "to prove the character of a person in order to show action in conformity therewith." Yet Rule 404(b) is a rule of inclusion one, and "evidence of other crimes is inadmissible under this rule only when it proves nothing but the defendant's criminal propensities." United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992); see also United States v. Hinostroza, 297 F.3d 924, 928 (9th Cir. 2002) ("The only time such evidence may be excluded by rule 404(b) is if the evidence 'tends to prove only criminal disposition.'") (citation omitted, emphasis in original); United States v. Cruz-Garcia, 344 F.3d 951, 954 (9th Cir. 2003) ("[W]e have held that Rule 404(b) is one of inclusion, and if evidence of prior crimes bears on other relevant issues, 404(b) will not exclude it.") (citation omitted).

///

Evidence offered to prove something other than propensity – such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident – falls within the scope of Rule 404(b). This list is illustrative, not exhaustive. Cruz-Garcia, 344 F.3d at 955; United States v. Johnson, 132 F.3d 1279, 1282 (9th Cir. 1997) ("So long as the evidence is offered for a proper purpose, such as to prove intent, the district court is accorded wide discretion in deciding whether to admit the evidence and the test for admissibility is one of relevance.").

Rule 404(b) is of particular importance in criminal proceedings where, as here, the intent of the accused is a relevant issue. As the Supreme Court indicated in United States v. Huddleston, 485 U.S. 681 (1988), "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Id. at 685.

When offered a purpose other than propensity, evidence of other acts is admissible under Rule 404(b) where: (1) the act tends to prove a material point; (2) it is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; (4) the act is similar to the offense charged; and (5) the act's probative value is not substantially outweighed by unfair prejudice under Rule 403. United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002) (citation omitted). Application of these five factors to Defendant's prior alien smuggling apprehensions weighs heavily in favor of admissibility.

First, Defendant's prior involvement in the smuggling of illegal aliens is material to the issues of knowledge, intent, plan, identity and absence of mistake. See United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985) (other act evidence may be introduced if the Government establishes its relevance to an actual issue in the case). The Ninth Circuit has upheld the admission of evidence of prior arrests and convictions for transporting illegal aliens to establish a defendant's knowledge and intent. See United States v. Winn, 767 F.2d 527, 530 (9th Cir. 1985) (defendant's prior conviction for transportation of illegal aliens was properly admitted "because it shows that appellant had knowledge of the smuggling operation in which he was involved"); United States v.

Longoria, 624 F.2d 66,69 (9th Cir. 1980) (district court did not err in admitting into evidence defendant's conviction for transporting illegal aliens two years prior because it was "highly relevant and admissible to show the requisite knowledge, criminal intent, and lack of innocent purpose"); United States v. Herrera-Medina, 609 F.2d 376, 379-80 (9th Cir. 1979) (district court properly admitted defendant's prior alien smuggling apprehensions to establish knowledge); United States v. Holley, 493 F.2d 581, 584 (9th Cir. 1974) (defendant's prior apprehension for transporting illegal aliens was properly admitted to show knowledge, even though the apprehension did not result in a prosecution).

Second, the "other act" evidence the Government seeks to introduce is not too remote in time. Defendant's prior apprehensions occurred 15 months and 2 months prior to the instant offense. There is no bright-line rule requiring the Court to exclude other act evidence after a certain period of time has elapsed, United States v. Brown, 880 F.2d 1012, 1015 n. 3 (9th Cir. 1989), and Defendant's recent apprehensions are not impermissibly remote. See, e.g., United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997) (upholding admission of other act that occurred 13 years before charged crime); United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989) (same).

Third, the Government will present sufficient evidence of Defendant's prior involvement in alien smuggling. Other act evidence under Rule 404(b) should be admitted if "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Huddleston v. United States, 485 U.S. 681, 685 (1988). The testimony of a single witness satisfies the low-threshold test of sufficient evidence for purposes of Rule 404(b). See United States v. Dhingra, 371 F.3d 557, 566-57 (9th Cir. 2004). Here, the Government will satisfy this threshold through percipient witness testimony and cross-examination of Defendant should he elect to testify.

Fourth, Defendant's prior alien smuggling endeavors are similar to the instant offense.

Finally, this evidence is highly probative and is "not the sort of conduct which would provoke a strong and <u>unfairly</u> prejudicial emotional response from the jury." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (1992) (emphasis added).

**D.      The Court Should Exclude Testifying Witnesses**

Pursuant to Rule 615, the Court should exclude all testifying percipient witnesses from the courtroom.

**E.      Renewed Motion For Reciprocal Discovery**

As of the date of the preparation of these motions, Defendant has not produced any reciprocal discovery. The Government requests that Defendant comply with Federal Rules of Criminal Procedure 16(b) and Rule 26.2. The Government intends seek suppression of any evidence at trial which has not been timely provided to the Government.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motions.

DATED: June 2, 2008.                                              Respectfully submitted,

                                                    Karen P. Hewitt
                                                    United States Attorney

                                                    s/ David D. Leshner
                                                    AARON B. CLARK
                                                    DAVID D. LESHNER
                                                    Assistant U.S. Attorneys

                                                    Attorneys for Plaintiff
                                                    United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08-CR-0366-DMS |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| ) | |
| JAMES HAYNES, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

IT IS HEREBY CERTIFIED THAT:

I, David D. Leshner, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **UNITED STATES' MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

David M.C. Peterson, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2008.

      /s/ David D. Leshner
      DAVID D. LESHNER