UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>       PLAINTIFF. | CASE NO. 08CR0366-DMS<br><br>SAN DIEGO, CALIFORNIA<br>FRIDAY, MAY 30, 2008<br>1:30 P.M. CALENDAR |
| JAMES HAYNES, III,<br>       DEFENDANT. |  |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

EVIDENTIARY MOTION HEARING

COUNSEL APPEARING:
    FOR PLAINTIFF:       KAREN P. HEWITT,
                         UNITED STATES ATTORNEY
                         BY:  AARON B. CLARK,
                            DAVID D. LESHNER,
                         ASSISTANT U.S. ATTORNEYS
                         880 FRONT STREET
                         SAN DIEGO, CALIFORNIA 92101

    FOR DEFENDANT:       FEDERAL DEFENDERS OF SAN DIEGO, INC.
                         BY:  DAVID M. C. PETERSON,
                            TRIAL ATTORNEY
                         225 BROADWAY, SUITE 900
                 SAN DIEGO, CALIFORNIA 92101

        REPORTED BY:        LEE ANN PENCE
                             OFFICIAL COURT REPORTER
                             UNITED STATES COURTHOUSE
                             940 FRONT STREET, SUITE 2160
                             SAN DIEGO, CALIFORNIA 92101

```
 1        THE AGENTS' TESTIMONY IS CLEAR THEY HEARD A MOVEMENT
 2   AND A RUSTLING.  AND THAT, COMBINED WITH ALL OF THE OTHER
 3   FACTORS, BEGINNING FROM THE MOMENT THAT AGENT VASQUEZ OBSERVED
 4   THE DEFENDANT, GIVES RISE TO PROBABLE CAUSE; A FAIR
 5   PROBABILITY THAT THE DEFENDANT IS COMMITTING A CRIME.
 6        THE COURT:  ALL RIGHT.
 7        MR. PETERSON:  IF I MAY BRIEFLY, YOUR HONOR.
 8        THE COURT:  YES.
 9        MR. PETERSON:  I THINK THERE IS AN ATTEMPT TO SHIFT
10   THE BURDEN THERE BECAUSE THERE IS A LOT OF TALK ABOUT THE
11   RECORD BEING SILENT ON THE ISSUES.
12        THE GOVERNMENT CARRIES THE BURDEN OF PROVING AN
13   EXCEPTION TO THE PROBABLE CAUSE REQUIREMENT -- EXCEPTION TO
14   THE REQUIREMENT, RATHER, PROVING PROBABLE CAUSE.
15        SILENCE IN THE RECORD COUNTS AGAINST THE GOVERNMENT.
16   IN NO WAY CAN THAT BE USED AGAINST US.  THAT IS AN ABSOLUTE --
17   THAT WOULD BE AN IMPERMISSIBLE SHIFTING OF THE BURDEN.
18        THE COURT:  BASED ON THE TESTIMONY PRESENTED, I
19   WOULD OVERRULE THE MOTION FOR THESE REASONS.
20        AS TO REASONABLE SUSPICION, STARTING FIRST WITH
21   AGENT VASQUEZ.  TAKING THE TOTALITY OF THE CIRCUMSTANCES, IT
22   SEEMS TO ME THERE IS CLEARLY REASONABLE SUSPICION THAT
23   CRIMINAL ACTIVITY MAY BE AFOOT.
24        HE HAS ARTICULATED SEVERAL REASONS ON AN OBJECTIVE
25   BASIS.  IT WOULD APPEAR CLEAR THAT AN AGENT IN HIS POSITION
```

```
 1   WOULD, ON AN OBJECTIVE BASIS, SUSPECT THAT CRIMINAL ACTIVITY
 2   MAY BE AFOOT.
 3           THE AREA IN QUESTION IS VERY NEAR THE BORDER, IT IS
 4   VIRTUALLY ON THE BORDER, 2- TO 300 YARDS AWAY.  IT IS A KNOWN
 5   AREA FOR HIGH ALIEN TRAFFICKING.
 6           MORE SPECIFICALLY, THE PARKING LOT IN QUESTION IS A
 7   KNOWN AREA FOR HIGH TRAFFICKING ACTIVITY WITHIN A GENERALLY
 8   HIGH TRAFFICKING AREA.  IT HAS LOTS OF BUSHES, NO FENCES,
 9   OTHER TRAILERS AND OLD VEHICLES, MANY AREAS IN WHICH TO HIDE
10   OR TO CLIMB INTO VEHICLES, INTO LOAD VEHICLES.
11           HE OBSERVES MR. HAYNES WALKING, APPARENTLY DETACHED
12   FROM THE VEHICLE IN QUESTION, WALKING TO A SHOPPING CENTER.
13   HE OBSERVED MR. HAYNES GO INTO THE SHOPPING CENTER, THEN WALK
14   THROUGH THE PARKING LOT ATTENDANT TO THAT SHOPPING CENTER,
15   INTO A SEPARATE AND DISTINCT PARKING LOT, THE $3 PARKING LOT,
16   GOING DIRECTLY TOWARD THE VEHICLE IN QUESTION.
17           SO IT WOULD APPEAR ON AN OBJECTIVE BASIS THAT THIS
18   IS AN INDIVIDUAL THAT MAY NOT HAVE IMMEDIATE -- DIDN'T DRIVE
19   THE VEHICLE IN QUESTION AND PARK IT; RATHER THAT VEHICLE GOT
20   INTO THE $3 PARKING LOT THROUGH SOME OTHER MANNER OR PERSON.
21   AND MR. HAYNES WAS THEN WALKING OVER TOWARD THAT VEHICLE FOR
22   SOME REASON, AND IT COULD BE THAT THAT VEHICLE WAS, IN FACT, A
23   LOAD VEHICLE, FURTHER RAISING SUSPICION.
24           THEN, AGENT VASQUEZ OBSERVES MR. HAYNES SPEAKING
25   WITH TWO INDIVIDUALS WITHIN 1 TO 2 METERS OF THE VEHICLE.
```

1  VERY BRIEF CONVERSATION, NOT AN ANIMATED CONVERSATION.
2  AND IMMEDIATELY THEREAFTER MR. HAYNES CLIMBS INTO THE
3  DRIVER'S SEAT OF THE VEHICLE, WHICH WOULD FURTHER HEIGHTEN
4  ONE'S SUSPICION THAT MR. HAYNES MAY BE A DRIVER OF A LOAD
5  VEHICLE.
6        AGENT VASQUEZ THEN ATTEMPTS TO CONTACT THE TWO
7  INDIVIDUALS, AND ONE OR BOTH OF THEM FLEE.  HE THEN STOPS
8  MR. NAVA-MONTENEGRO, WHO THEN ADMITS HE IS HERE ILLEGALLY,
9  GIVING RISE TO FURTHER SUSPICION, GIVEN MR. NAVA'S PROXIMITY
10 TO THE PATHFINDER, THAT IT MAY, IN FACT, BE A LOAD VEHICLE AND
11 MR. HAYNES MAY, IN FACT, BE A DRIVER OF A LOAD VEHICLE.
12        THAT ALL PROVIDES REASONABLE SUSPICION TO DISPATCH
13 AND TO LET HIS FELLOW AGENTS KNOW THAT MR. HAYNES MAY BE
14 DRIVING A LOAD VEHICLE.
15        OFFICER DIAZ -- OR AGENT DIAZ THEN TESTIFIES THAT
16 THE VEHICLE APPEARED HEAVY IN THE BACK, HEAVILY LADEN.  AND
17 THAT AFTER EFFECTING A STOP BASED ON THE OBSERVATIONS OF AGENT
18 VASQUEZ, HEARS RUSTLING.
19        SO IT SEEMS TO ME THAT WHEN YOU TAKE ALL OF THE
20 CIRCUMSTANCES OBSERVED BY AGENT VASQUEZ -- WHICH I FIND TO BE
21 TRUE -- THAT AGENT DIAZ, WHEN HE SEES A VEHICLE THAT IS HEAVY
22 IN THE BACK AND HEARS RUSTLING IN THE BACK, THAT THERE IS, AT
23 THAT JUNCTURE, PROBABLE CAUSE TO BELIEVE THAT MR. HAYNES IS,
24 IN FACT, DRIVING A LOAD VEHICLE AND THAT THERE ARE ILLEGAL
25 ALIENS IN THE BACK OF THE VEHICLE; THEREBY JUSTIFYING OPENING

1  THE SPEAKER BOX AND EFFECTING THE ARREST.
2        SO FOR THOSE REASONS, I WOULD RESPECTFULLY DENY THE
3  MOTION TO SUPPRESS, CONCLUDING THAT THERE IS BOTH REASONABLE
4  SUSPICION AND PROBABLE CAUSE TO EFFECT THE ARREST OF
5  MR. HAYNES.
6        WITH THAT, THERE IS A TRIAL THAT IS PRESENTLY SET
7  FOR JUNE 16.  ARE THE PARTIES READY TO PROCEED ON THAT DATE?
8        **MR. LESHNER:**  YES, YOUR HONOR.
9        **MR. PETERSON:**  PROVIDED THAT WE CAN ADDRESS THE
10 OTHER TWO ISSUES THAT WERE ON FOR TODAY SOON, BECAUSE WE
11 DO STILL HAVE THE MOTION TO COMPEL THE GRAND JURY TRANSCRIPTS,
12 AND WE DO HAVE MY MOTION TO RECONSIDER THE DENYING --
13       **THE COURT:**  I READ THE MOTION TO RECONSIDER, AND THE
14 TENTATIVE WOULD BE TO DENY IT.
15       DO YOU WISH TO ARGUE THAT MOTION?
16       **MR. PETERSON:**  WELL, WHAT, IN ESSENCE, THAT MOTION
17 WAS, I THINK WE HAVE ESTABLISHED ENOUGH THAT WOULD LET US AT
18 LEAST GET A HEARING ON THE BAD FAITH OF THE GOVERNMENT.
19       MR. DIAZ DID INTERVIEW THE MATERIAL WITNESSES
20 AND  HE IS AVAILABLE.  I THINK IT IS SOMETHING THAT COULD
21 TAKE 10 MINUTES, AND WE WOULD BE PREPARED TO GO FORWARD ON
22 THAT.
23       **THE COURT:**  WHAT IS THE GOVERNMENT'S POSITION?
24       **MR. LESHNER:**  THE GOVERNMENT'S POSITION IS THAT THE
25 MOTION FOR RECONSIDERATION IS SIMPLY A SECOND BITE OF THE

```
 1   JUMP OFF THE BENCH.
 2           IT BEING QUARTER TO 5:00, MAY I SUBMIT AN ORDER TO
 3   SHORTEN TIME ON MY IN LIMS WHICH ARE DUE TODAY?
 4           THE COURT:  YES.
 5           MR. PETERSON:  THANK YOU.
 6           MR. LESHNER:  HAVE A NICE WEEKEND, YOUR HONOR.
 7   THANK YOU.
 8           THE COURT:  THANK YOU.
 9
10                        *   *   *
11   I CERTIFY THAT THE FOREGOING IS A CORRECT
              TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
12   IN THE ABOVE-ENTITLED MATTER.
13           S/LEEANN PENCE                        6/10/08
14           LEEANN PENCE, OFFICIAL COURT REPORTER   DATE
15
16
17
18
19
20
21
22
23
24
25
```