| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | AARON B. CLARK |
| | DAVID D. LESHNER |
| 3 | Assistant United States Attorneys |
| | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6787 |
| 6 | Attorneys for Plaintiff |
| | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-0366-DMS | |
| | ) | | |
| Plaintiff, | ) | DATE: | July 25, 2008 |
| | ) | TIME: | 11:00 a.m. |
| v. | ) | | |
| | ) | **UNITED STATES' RESPONSE AND** | |
| JAMES HAYNES, III, | ) | **OPPOSITION TO DEFENDANT'S** | |
| | ) | **MOTIONS IN LIMINE** | |
| Defendant. | ) | | |
| | ) | | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark and David D. Leshner, Assistant United States Attorneys, and hereby files its response and opposition to defendant James Haynes, III's motions in limine. Said response and opposition is based upon the files and records of this case together with the following memorandum of points and authorities.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# I

# STATEMENT OF FACTS

The Government incorporates the statement of facts contained in its motions in limine filed on June 2, 2008.

# II

# DEFENDANT'S MOTIONS IN LIMINE

### 1. Motion To Exclude Evidence Re Compartment Details

The Government does not intend to offer extensive testimony concerning the "conditions" of the non-factory compartment in which the five aliens were found. However, Defendant's motion to exclude all evidence beyond the bare fact that "the material witness was discovered in a non-factory compartment in the cargo area of the Pathfinder" is overbroad. (Mtn. at 2.)

For example, Border Patrol agents properly may testify about the events leading to their discovery of the individuals concealed in the compartment. Such testimony will necessarily include their observations of the compartment and the individuals concealed within it. In addition, one of the material witnesses will testify that, after he was placed in the compartment, he yelled out to the vehicle driver that he needed air due to the cramped and stuffy conditions in the compartment. The location, size, and makeup of the compartment are directly relevant to proving that Defendant knew there were aliens in the vehicle. Such evidence should therefore not be excluded under Federal Rule of Evidence 403.

### 2. Motion To Exclude Evidence Of Smuggling Arrangements

The Government's motion in limine on this issue sets forth the reasons why the material witnesses properly may testify as to any smuggling arrangements made by others. To the extent evidence of those arrangements includes out-of-court statements, those statements are admissible as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). Co-conspirator statements are non-testimonial and do not implicate the Confrontation Clause. See Crawford v.

1  Washington, 541 U.S. 36, 56 (2004); United States v. Bridgeforth, 461 F.3d 864, 869 n.1 (9th Cir.
2  2006) ("co-conspirator statements are not testimonial").

3  **3.     Motion To Exclude Expert Testimony**

4  On June 2, 2008, the Government gave notice of its intent to call an expert witness on
5  TECS. Border Patrol Agent Rolando Matta, will testify regarding TECS information showing that
6  Defendant entered the United States from Mexico at the Otay Mesa Port of Entry in the subject
7  vehicle on the morning of February 5, 2008, just hours before he was apprehended smuggling aliens
8  near Tecate, CA. This TECS information is relevant and admissible as explained below with
9  respect to Defendant's motion in limine number 15.

10 **4.     Motion To Exclude Indictment From Jury Room**

11 The Government defers to the Court's usual practice on this issue.

12 **5.     Motion To Allow Attorney-Conducted Voir Dire**

13 The Government defers to the Court's usual practice on this issue.

14 **6.     Motion To Compel Production Of Grand Jury Transcripts**

15 The Government does not anticipate that any witness who testified before the grand jury
16 will testify at trial.

17 **7.     Motion To Compel Production Of Jencks Act Materials**

18 The Government has produced all materials which are subject to production under the
19 Jencks Act.

20 **8.     Motion To Compel Production Of Form I-826**

21 At the May 30, 2008 evidentiary hearing, Defendant asserted that the Government had not
22 produced a Form I-826 – which records information provided by an undocumented alien and is not
23 signed by the apprehending officer – for the material witnesses and that the Form I-826 constitutes
24 a statement of the apprehending officer under the Jencks Act. Although, the Government disagrees
25 with Defendant's interpretation of the Jencks Act, there is no need for the Court to decide this issue

28                                              3

1  because the Government produced the I-826 forms for all three material witnesses on February 20,
2  2008. The Court should accordingly deny the motion as moot.

3  **9.     Motion To Exclude Evidence Of Defendant's Demeanor**

4  The Government does not intend to introduce evidence of Defendant's demeanor, including
5  any nervousness during the stop of his vehicle. Hence, the Court should deny the motion as moot.
6  In any event, the motion fails on the merits.

7  Evidence regarding a defendant's demeanor and physical appearance is admissible as
8  circumstantial evidence that is relevant to the jury's determination as to whether a defendant knew
9  contraband was concealed in the vehicle. See, e.g., United States v. Romero-Avila, 210 F.3d 1017,
10 1023 (9th Cir. 2000) (identifying defendant's nervousness at the border as part of the "strong
11 independent evidence of defendant's guilt"); United States v. Hursh, 217 F3d. 761, 767-68 (9th Cir.
12 2000) (nervousness during border questioning at primary inspection and later nervousness while
13 car was being inspected at secondary was evidence of knowledge); United States v. Klimavicius-
14 Viloria, 144 F. 3d 1249, 1263-65 (9th Cir. 1998) (crew's demeanor, such as becoming less
15 cooperative when the Coast Guard decided to search a tank where bales of cocaine were later
16 found, was relevant to show knowing participation in smuggling); United States v. Fuentes-Cariaga,
17 209 F.3d 1140, 1144 (9th Cir. 2000) (defendant's nervousness at Calexico port of entry); United
18 States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir. 1990) (jury could infer guilty knowledge from a
19 defendant's apparent nervousness and anxiety during airport inspection); United States v. Lui, 941
20 F.2d 844, 848 n.2 (9th Cir. 1991) (jury could consider guilty knowledge where defendant acted
21 disinterested during airport inspection); United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th
22 Cir. 1987) (affirming conviction for possession of narcotics with intent to distribute where, inter
23 alia, defendant "appeared nervous when questioned by customs").

24 Defendant's argument that demeanor evidence is categorically inadmissible confuses the
25 distinct issues of admissibility with the weight admissible evidence should be given. Indeed, even
26 the authorities Defendant cites – the majority of which deal with Fourth Amendment reasonable

27
28                                              4

1  suspicion claims – recognize that demeanor evidence is an appropriate consideration in the totality
2  of the circumstances analysis.  See, e.g., United States v. Fernandez, 18 F.3d 874, 879 (10th Cir.
3  1994) (recognizing that nervousness is relevant factor but is of "limited significance" and thus not
4  entitled to great weight in assessing reasonable suspicion).  The Ninth Circuit is in accord.  See,
5  e.g., United States v. Murillo, 255 F.3d 1169, 1174 (9th Cir. 2001) (trial court properly considered
6  Defendant's "extreme nervousness" in finding reasonable suspicion existed).

**10.    Motion To Provide Separate Copies Of Jury Instructions**

The Government defers to the Court's usual practice on this issue.

**11.    Motion To Compel Production Of TECS Information**

The Government has produced TECS information for the subject vehicle for crossings between June 2007 and February 2008 as well as TECS information for Defendant's crossing on February 5, 2008.

The Government opposes Defendant's request for TECS information for any other crossings he may have made.  Defendant has made no showing how such evidence of his own prior crossings is either materially exculpatory or material to his defense.  Moreover, Defendant presumably already has knowledge and information regarding his own prior crossings.

**12.    Motion To Exclude Rule 404(b) And Rule 609 Evidence**

**A.    Rule 404(b)**

As described in the Government's motions in limine, the Government will introduce evidence under Federal Rule of Evidence 404(b) of Defendant's prior alien smuggling apprehensions in November 2007 and October 2006.  The Government provided notice of its intent to introduce this evidence in letters dated May 22 and 29, 2008.  Although the law enforcement reports pertaining to both of these apprehensions are specifically exempted from disclosure under Federal Rule of Criminal Procedure Rule 16(a)(2) unless and until the agent who authored the report testifies at trial, the Government has nonetheless produced those reports to Defendant.

///

Defendant first contends that the Government's Rule 404(b) notice was untimely, although he cites no authority supporting his contention. In any event, due to the continuance of the trial to August 11, 2008, Defendant now will have had over two months to investigate the acts as to which the Government provided notice under Rule 404(b).

Defendant's second complaint – that the Government should not have redacted information from the reports it voluntarily produced – is entirely without merit. As an initial matter, and as noted above, Rule 16(a)(2) exempts these reports from disclosure in their entirety. Additionally, the information redacted on these reports is limited to the smuggled aliens' FINS numbers. This confidential information is not even remotely relevant to Defendant's defense. What remains in the reports provided to Defendant is information regarding the smuggled aliens' names, addresses and other personal information. This should go beyond all the information to which Defendant could possibly be entitled in order to perform any necessary investigation of these incidents.

Finally, Defendant suggests that the evidence from the November 2007 apprehension may not have been lawfully obtained. Defendant relies solely on out-of-circuit authorities in support of his argument that evidence obtained in violation of the Fourth Amendment is per se inadmissible under Rule 404(b). Inexplicably, Defendant ignores controlling Ninth Circuit precedent to the contrary.

In United States v. Lopez-Martinez, 725 F.2d 471 (9th Cir. 1984), the defendant was charged with importation of heroin. The district court admitted evidence under Rule 404(b) of the defendant's arrest for possession of marijuana eight years earlier in 1974 as well as statements he made following that arrest. On appeal, the Ninth Circuit held the district court properly declined to conduct a hearing on the legality of the prior arrest because "even if the 1974 arrest were illegal, the Fourth Amendment exclusionary rule would not bar use of Lopez's 1974 post-arrest statement in his 1982 trial." Id. at 476. Recognizing that the exclusionary rule "has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons," the Ninth Circuit found no evidence "that the first investigation and prosecution might be planned to ensure

1  the success of the second." Id. (citation omitted). Thus, the arresting agents in 1974 did not have
2  the subsequent 1982 prosecution in their "zone of primary interest" when they made the allegedly
3  illegal arrest, and the exclusionary rule would not bar use of evidence from the 1974 arrest
4  regardless of any Fourth Amendment violation. Id.

5  The Ninth Circuit repeatedly has applied the rule of Lopez-Martinez to reject the very
6  argument raised by Defendant here. See, e.g., United States v. Medina, 181 F.3d 1078, 1082 (9th
7  Cir. 1999) (district court properly declined to hold evidentiary hearing on lawfulness of prior arrests
8  leading to seizures of evidence used at trial – "Absent any threshold showing of a connection or
9  'nexus' in time, place, or purpose between the searches and the subsequent prosecution, there is no
10 appreciable deterrent purpose in suppressing the evidence."); United States v. Basinger, 60 F.3d
11 1400, 1407 (9th Cir. 1995) (trial court properly admitted evidence of prior apprehension under Rule
12 404(b) irrespective of claimed Fourth Amendment violation because evidence did not demonstrate
13 "bad faith or collusion" between officers involved in prior apprehension and the case at issue).

14 In any event, there was no Fourth Amendment violation with respect to Defendant's
15 November 2007 apprehension. On November 28, 2007, Border Patrol Agents encountered
16 Defendant as he drove a vehicle through the State Route 94 checkpoint. See United States v.
17 Montoya de Hernandez, 473 U.S. 531, 538 (1985) ("Automobile travelers may be stopped at fixed
18 checkpoints near the border without individualized suspicion . . ."). Defendant consented to a
19 search of his vehicle, and agents discovered two individuals concealed in the trunk. See United
20 States v. Ramirez-Jiminez, 967 F.2d 1321 (9th Cir. 1992) (upholding consensual search at Border
21 Patrol checkpoint). Simply put, neither the checkpoint stop nor the consensual search violated
22 Defendant's Fourth Amendment rights.[1/]

23 / / /
24 / / /

---

[1/] The Government will not seek to introduce evidence of Defendant's post-arrest statements or the smuggled aliens' statements from either prior apprehension.

    **B.**    **Rule 609**

The Government will not introduce evidence at trial under Federal Rule of Evidence 609.

**13.**    **Motion To Exclude Poverty Evidence**

The Government will not introduce evidence at trial concerning Defendant's financial circumstances.

**14.**    **Motion To Exclude Case Agent**

At this point, the Government does not intend to have the case agent present at trial.

**15.**    **Motion To Exclude TECS Information**

The Government will introduce limited TECS information showing that Defendant entered the United States from Mexico at the Otay Mesa Port of Entry in the subject vehicle on the morning of February 5, 2008, less than 3 hours before he was apprehended smuggling aliens near Tecate, CA. This evidence is relevant to demonstrate Defendant's connection with the vehicle and to establish his knowledge that he was smuggling aliens.

Rule 404(b) is inapplicable "where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment." United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003) (evidence of defendant's theft of cocaine inextricably intertwined with charge of conspiracy to possess and distribute cocaine). See also United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir.1995) (evidence is "inextricably intertwined" if "it constitutes a part of the transaction that serves as the basis for the criminal charge"); United States v. Sanchez-Robles, 927 F.2d 1070, 1078 (9th Cir. 1991) (affirming admission of TECS information regarding prior crossings as "inextricably intertwined" with crime charged). Evidence regarding Defendant's border crossing on the morning of February 5 is directly related to the crimes charged and is not subject to Rule 404(b).

TECS evidence is admissible as a public record under Federal Rule of Evidence 803(8) unless the sources of information or other circumstances indicate lack of trustworthiness. United States v. Orozco, 590 F.2d 789, 794 (1979). In Orozco, the Ninth Circuit Court held that nothing

1 | about the TECS recording procedure indicated a lack of trustworthiness. Id. at 794. Specifically,
2 | the Court noted that, "[t]he customs agents have no motive to fabricate entries into the computer
3 | and the possibility of an inaccurate entry is no greater here than it would be in any other recording
4 | system." Id. at 794. Although this information constitutes a public record, in an abundance of
5 | caution, the Government has given notice to Defendant that a Supervisory Border Patrol Agent will
6 | provide expert testimony concerning the operation of TECS and the records pertaining to
7 | Defendant's February 5 border crossing.[2]

## IV

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court rule on Defendant's motions as set forth above.

DATED: July 18, 2008.                    Respectfully submitted,

                                         Karen P. Hewitt
                                         United States Attorney

                                         /s/ David D. Leshner
                                         AARON B. CLARK
                                         DAVID D. LESHNER
                                         Assistant U.S. Attorneys

                                         Attorneys for Plaintiff
                                         United States of America

---

[2] Defendant asserts that "Orozco is wrong, and this Court should not follow it." (Mtn. at 16 n. 5.) This is, of course, inconsistent with the basic precept that this Court must following controlling Ninth Circuit authority.

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>JAMES HAYNES, III,<br><br>       Defendant. | Criminal Case No. 08-CR-0366-DMS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, David D. Leshner, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

David M.C. Peterson, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2008.

       /s/ David D. Leshner
       DAVID D. LESHNER

10